[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on the plaintiff father's motion for visitation (No. 106) and objection to request to revise (No. 105), in an action filed under Connecticut General CT Page 5940 Statutes, Sec. 46b-90 et seq. entitled the Uniform Child Custody Jurisdiction Act (hereinafter referred to as the ("UCCJA"). The threshold issue prior to the court's consideration of any issues in this matter is a determination of whether this court should exercise jurisdiction under the provisions of the UCCJA under the facts of this case.
The parties' marriage was dissolved by the Supreme Court of New York, County of Westchester, on June 29, 1992. Pursuant to that judgment, the defendant mother was awarded custody of both minor children, Noah Green, born June 25, 1975; and Gabrielle Green, born February 1, 1986. The plaintiff father was ordered to "remain away" from the defendant mother and the children of the marriage. The terms of this New York judgment have not subsequently been modified by any court.
The plaintiff has resided continuously in Connecticut since December of 1989. The defendant and the minor child, Gabrielle, have resided in Connecticut since approximately April 15, 1994. No action is pending in any New York court.
The purposes of the UCCJA relevant to these proceedings are to avoid jurisdictional competition and conflict with courts of other states; to promote cooperation with other courts; to ensure that a custody decree is issued in a state which can best decide the case in the best interest of the child; to assure that litigation takes place in the state with which the child and her family have the closest connection and where significant evidence concerning the child exists; to avoid relitigation of custody decisions of other states in this state insofar as feasible; and to facilitate the enforcement of custody decrees of other states.
As of the date of this hearing, no action was pending in any other state. In fact, the defendant mother on October 5, 1994, filed the New York judgment for enforcement in Connecticut as a foreign judgment pursuant to Connecticut General Statutes, Sec.46b-70 et seq. The foreign matrimonial judgment became a judgment of this state when filed and pursuant to Connecticut General Statutes, Sec. 46b-71 shall be enforced and otherwise treated as a judgment of a court of this state.
The plaintiff argues that since Connecticut General Statutes, Sec. 46b-71 requires that the substantive law of the foreign jurisdiction shall control in any modification of a foreign judgment, the interest of the judicial economy dictates that the CT Page 5941 UCCJA action should be preferred by the court. Although judicial economy is a consideration, the court does not find it to be of primary significance in considering the purposes of the UCCJA. In fact, the application of Connecticut law, if different from that of the foreign jurisdiction, could well contravene one of the purposes of the UCCJA by resulting in the relitigation of another state's custody decision in this state.
As no interstate jurisdictional competition or conflict now exists, this court declines to exercise jurisdiction under Connecticut's UCCJA provisions.
Dennis, J.